UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILLIAM EDWARD BRAMLETT,

    Plaintiff,

v.                                       Case No.: 2:19-cv-712-FtM-38NPM

MELINDA MASTERS, EMILY
SALEMA, DONALD SAWYER and
FLORIDA DEPARTMENT OF
CHILDREN AND FAMILIES,

    Defendants.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Plaintiff William Edward Bramlett's Motion to Proceed *In Forma Pauperis* (Doc. 4) filed on August 19, 2019. Because Plaintiff seeks leave to proceed *in forma pauperis,* the Court must review his Complaint to determine whether it is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii). Upon review of the Complaint, the Court concludes that Plaintiff has failed to present an actionable claim and that dismissal of this case is warranted.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

## BACKGROUND

Plaintiff who is a detainee in the Florida Civil Commitment Center (FCCC) in Arcadia, Florida brings this claim as a civil rights violation under 42 U.S.C. § 1983. Plaintiff originally filed this case in the Tallahassee Division of the Northern District of Florida. The case was transferred to the Tampa Division of the Middle District of Florida and finally transferred to the Fort Myers Division of the Middle District. While the Complaint is sparse on facts, it appears Plaintiff filed a grievance with the FCCC Administration regarding his transfer to a new dormitory. Plaintiff says he did not want to move to another dorm, but that other detainees lied about his desire to move and forged his name on the request form. Plaintiff states that his grievance in this regard was not handled in an appropriate manner and demands to be returned to London dormitory.

## STANDARD OF REVIEW

A federal district court is required to review a civil complaint filed *in forma pauperis* and to dismiss any such complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915. Section 1915(e)(2) is a screening process to be applied *sua sponte* and at any time during the proceedings. The mandatory language of 28 U.S.C. § 1915 applies to all proceedings *in forma pauperis*. The section provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-
>
>     (A)    the allegation of poverty is untrue; or
>
>   (B) the action or appeal-
>
>         (i)    is frivolous or malicious;

     (ii)   fails to state a claim on which relief may be granted; or

     (iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). In making the above determinations, all factual allegations in the complaint must be viewed as true. *Brown v. Johnson,* 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, the Court must read the plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972).

   A complaint may be dismissed as frivolous under § 1915(e)(2)(B)(i) where it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit or the claim seeks to enforce a right that clearly does not exist. *Id.* at 327.

   Dismissals under 28 U.S.C. § 1915(e)(2)(ii) for failure to state a claim are governed by the same standard as Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). Under Rule 12(b)(6), a complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp v. Twombly,* 550 U.S. 544 (2007) (retiring the "no set of facts" language previously used to describe the motion to dismiss standard and determining that because the plaintiffs had not "nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). A complaint is also subject to dismissal under Rule 12(b)(6) "when its allegations on their face, show that an affirmative defense bars recovery on the claim." *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003); *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001).

**DISCUSSION**

Title 42 U.S.C. § 1983 imposes liability on one who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws[.]" 42 U.S.C. § 1983. To articulate a claim under § 1983, a plaintiff must allege that: (1) a defendant deprived him of a right secured under the Constitution or federal law; and (2) such deprivation occurred under color of state law. *Arrington v. Cobb County*, 139 F.3d 865, 872 (11th Cir. 1998). Plaintiff says Dr. Sawyer's resolution to his grievance is inappropriate and that he should be moved back to London dormitory.

The Complaint fails to satisfy the initial § 1983 inquiry. The Eleventh Circuit Court of Appeals has held: "[w]e agree with other circuits that have decided that a prisoner does not have a constitutionally-protected liberty interest in an inmate grievance procedure." *Dunn v. Martin*, 178 Fed. Appx. 876, 878 (11th Cir. 2006); *Baker v. Rexroad*, 159 Fed. Appx. 61, 62 (11th Cir. 2005); *see also Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) ("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner.... A state-created grievance procedure is simply a procedural right and does not confer any substantive right upon an inmate."); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."). An alleged due process violation of the Fourteenth Amendment regarding grievance procedures does not give rise to a stand-alone claim under § 1983. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

The Court finds no violation of a right created by the United States Constitution or the laws of the United States. Plaintiff is merely upset with the results of his grievance filings.

While Plaintiff as a civil detainee may not be subjected to conditions that amount to punishment, *Bell v. Wolfish,* 441 U.S. 520, 536 (1979), he nonetheless may be subjected to conditions within the bounds of professional discretion that place restrictions on his personal freedoms. *See Newberg v. Geo Grp., Inc.*, No. 2:09-CV-625-FTM-36, 2011 WL 2533804, at *8 (M.D. Fla. June 27, 2011) (*quoting Youngberg v. Romeo,* 457 U.S. 307, 321–22 (1982)). The Department of Children and Families (DCF), although not the operator of a prison, is tasked with making numerous decisions and implementing policy regarding the FCCC's administration that DCF is better equipped to make than this Court. *Id.* Consequently, Plaintiff's dormitory assignment is better left to the administrators at the FCCC. Again, Plaintiff just simply disagrees with the FCCC administration's decision to move him to London dormitory. Plaintiff seeks to enforce a claim that clearly does not exist, and therefore, his Complaint is deemed frivolous.

Generally, a *pro se* plaintiff, "must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice" where a more carefully drafted complaint might state a claim. *Bank v. Pitt,* 928 F.2d 1108, 1112 (11th Cir.1991) (emphasis added) *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc). However, there are two circumstances in which the district court need not grant leave to amend under *Bank*: (1) where the plaintiff has indicated that he does not wish to amend his complaint; and (2) where a more carefully drafted complaint could not state a claim and is, therefore, futile.

*Johnson v. Boyd*, 568 F. App'x 719, 723 (11th Cir. 2014) (*citing Bank,* 928 F.2d at 1112). On the first exception, filing a written motion that sets forth the substance of a proposed amendment is the proper method to request leave to amend the complaint. *Long v. Satz,* 181 F.3d 1275, 1279 (11th Cir. 1999). On the second exception, where futility is close, we err on the side of generosity to the plaintiff. *O'Halloran v. First Union Nat'l Bank of Fla.,* 350 F.3d 1197, 1206 (11th Cir. 2003).

Plaintiff's claim is based upon the FCCC's denial of his grievance and request to be moved back to London dormitory. Thus, any amendment by Plaintiff would be futile and the Court concludes that a more carefully drafted complaint could not state a claim.

Accordingly, it is now

**ORDERED:**

1. Plaintiff William Edward Bramlett's Motion to Proceed In Forma Pauperis (Doc. 4) is **DENIED**.

2. Plaintiff's Complaint (Doc. 1) is **DISMISSED** without prejudice.

3. The Clerk of Court shall enter judgment accordingly, terminate any pending motions and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 3rd day of October 2019.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-2
Copies:
All Parties of Record

6